UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STATEN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-3139-JBM |
| ) | |
| CHERRYLE HINTHORNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff Staten Taylor, an inmate at Jacksonville Correctional Center ("Jacksonville"), brings this action under 42 U.S.C. § 1983 for alleged constitutional violations regarding his requests for a replacement hearing aid. The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against warden Cherryle Hinthorne, assistant warden Haroletta Givens, ADA coordinator VanWinkle, Dr. Baker, M. Thompson, the Jacksonville Correctional Center Health Care Administration, correctional lieutenant V. Nance, correctional sergeant Grant, and correctional major Adams.

In a cursory fashion, Plaintiff first alleges that Defendants Hinthorne and Givens told him they would contact ADA about his hearing aid and wrote down his name in April and July 2022. Plaintiff claims that he still does not have a hearing aid and is unable to participate in programs and activities.

He alleges that Defendant VanWinkle, the ADA coordinator, has not talked to him in three months. Plaintiff submitted several request slips but received no answer.

Plaintiff next alleges that he talked to Defendant Dr. Baker on the walkway by the healthcare unit. Dr. Baker allegedly rolled his eyes and walked away.

Plaintiff claims that he wrote to Ashley Clements in the healthcare administration at Jacksonville about his hearing issue but received no answer.

Plaintiff claims that Defendant V. Nance, a correctional lieutenant, laughed at him in a very disrespectful manner and told him that he could hear just fine.

Defendant Grant, a correctional sergeant, allegedly told Plaintiff it was not her problem and advised him to write a request. She also allegedly told Plaintiff that if he could talk, then he could hear.

Plaintiff alleges that Defendant Adams, a correctional major, told him that he would contact Defendant VanWinkle about the issue but never did. When Plaintiff was late for med-line, Defendant Adams threatened to write him a ticket for being late. Plaintiff claims he was late because he could not hear.

Next, Plaintiff alleges that he wrote to Defendant M. Thompson several times about replacing his hearing aid. Defendant Thompson allegedly told Plaintiff in a derogatory manner that if he can read lips or do sign language, then he is fine.

Plaintiff states that he misses chow lines, yard time, med-lines, and other activities frequently because he has not received a hearing aid.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

Here, Plaintiff seeks to hold Defendants liable for failing to give him a hearing aid; however, it is unclear why he needs a hearing aid and whether he needs a hearing aid for his left ear, right ear, or both. The allegations as currently pled do not clearly indicate if Plaintiff suffers from an objectively serious medical condition. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or … is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

In addition, the paltry allegations in Plaintiff's complaint are insufficient to state a claim. The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants on notice of the claims against them.

Therefore, the complaint is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend. In that connection and for future reference, Plaintiff is forewarned that utilization of the formal grievance procedures established at his facility rather than random and informal communications with correctional officers or other staff is the only effective and approved way to ensure consideration of his complaints for possible corrective action.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this

case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2)  Plaintiff's [4] Motion to Request Counsel is DENIED, with leave to renew after he demonstrates that he made reasonable efforts to find counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers. If Plaintiff renews his motion for appointment of counsel, he is directed to state which attorneys or law firms he contacted, indicate if he received responses to his request for representation, and attach copies of any letters he received from prospective counsel to his motion. *See Machicote v. Roethlisberger*, 969 F.3d 822, 826, 828-29 (7th Cir. 2020).

ENTERED: 10/12/2022

s/ Joe Billy McDade<br>
Joe Billy McDade<br>
United States District Judge